UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ANDREW OSTROWSKI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:20-CV-209 SNLJ |
| OFFICE OF ELECTIONS, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of a complaint filed by self-represented plaintiff Andrew Ostrowski. After review of plaintiff's motion to proceed in forma pauperis, the Court will grant the motion and allow plaintiff to proceed without paying the filing fee in this proceeding. Additionally, for the reasons discussed below, the Court will dismiss this action as frivolous and/or for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to

determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

## The Complaint

Plaintiff currently resides in Cape Girardeau, Missouri. He filed this action on October 2, 2020, seeking injunctive relief, to "solv[e] the electoral college." He has named thirty-five (35) defendants in this action, including officials or elections offices from: Hawaii, Alaska, Utah, Arizona, California, Washington, D.C., Georgia, Illinois, Iowa, Maryland, Michigan, Minnesota, Montana, Nebraska, Nevada, New Jersey, South Dakota, Pennsylvania, Oklahoma, New Mexico, Vermont, Virginia, Wisconsin, Connecticut, Delaware, Indiana, Kentucky, Massachusetts, New Hampshire, New York, South Carolina, Missouri and West Virginia.

Plaintiff states the same claims against all the defendants. He states:

[Defendant] has caused duress that has inhibited my speech by causing to question if I should give money to candidate(s) either directly or indirectly in the Defendant's state because of the culpable action to allow vote fraud by not having adequate checks in balances in place for independent audits of the mail-in ballots cast, and/or extending absentee ballots from its former form, which also impinges citizens fully expressing their wish to the electoral college for whom they want for President. This was done during the Pandemic [in the defendant's state.]

Nowhere in the complaint does plaintiff assert that he ever gave money to a specific candidate or that he was inhibited from doing so in any of the defendant states. Furthermore, defendant does not state that he suffered any injury to himself, such as that he attempted to vote by mail-in ballot and that his ballot was rejected in the defendant state.

For relief, plaintiff seeks the following:

I ask that all mailing-in and extended absentee ballots be accompanied by a stamp from a notary on the ballot. The notary has an id number. The notary provides a log

2

with date, place and the time when the process of the notary took place. If this cannot be done then the state(s)/ commonwealth(s) must notify voters that their ballots will not count and that they must recast their vote in a manner identical to the process the state(s)/ commonwealth(s) had in place in the Presidential election in 2016. Citizens United vs. FEC and Bush vs. Palm Beach County Canvassing Board entitle me to the above relief.

## Discussion

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* A court can properly dismiss an action if the allegations in the complaint are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. 319). Allegations are clearly baseless if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.* Here, plaintiff's complaint provides no basis for how defendants violated his constitutional rights.

Plaintiff is a resident of Missouri. Plaintiff has not alleged that he attempted to vote in any of the thirty-five (35) states that he named as defendants in this action. Additionally, he has not even alleged that he attempted to vote in his home state of Missouri. Nor has he indicated how **his** First Amendment rights have been violated by other states than his home state, i.e., such that he attempted to use mail-in voting in those states and he was denied the opportunity. Plaintiff's vague and conclusory assertions that he was too afraid to give money to a candidate because he was unsure of the efficacy of mail-in voting are too speculative and conclusory to state a claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Even pro se plaintiffs are required to allege

3

facts in support of their claims, and the Court will not assume facts that are not alleged. *See Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004). Furthermore, in order to demonstrate a case or controversy in federal court, a plaintiff must allege concrete legal issues, presented in actual cases, not abstractions. *See United Public Workers v. Mitchell*, 330 U.S. 75 (1947). Plaintiff's allegations fail to state an actual case or controversy in this action. As a result, the Court will dismiss this action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff may proceed in forma pauperis in this action.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal shall be filed with this Memorandum and Order.

Dated this _19th_ day of October, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE